IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Daniel Mark Mixson, ) | C/A No. 2:11-1369-DCN-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Ofc. Metrejean, *North Charleston Police*; ) | |
| North Charleston Police Department, ) | |
| ) | |
| Defendants. ) | |

The plaintiff has filed this action, *pro se*, seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff, a pre-trial detainee currently housed at the Charleston County Detention Center, alleges violations of his constitutional rights by the named defendants. Mixson has filed two documents that the court is interpreting as motions requesting the appointment of counsel and discovery materials. (ECF Nos. 23 & 31.)

There is no right to appointed counsel in § 1983 cases. Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975). As stated in 28 U.S.C. § 1915(e)(1), the court may use its discretion to appoint counsel for an indigent in a civil action. Smith v. Blackledge, 451 F.2d 1201 (4th Cir. 1971). However, such appointment "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Whether exceptional circumstances are present depends on the type and complexity of the case, and the *pro se* litigant's ability to prosecute it. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984), abrogated on other grounds by Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989).

PJG

Upon review of the file, the court has determined that there are no exceptional or unusual circumstances presented at this time which would justify the appointment of counsel, nor would the plaintiff be denied due process if an attorney were not appointed.  Id.  Accordingly, the plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. § 1915(e)(1) is denied.  (ECF Nos. 23 & 31.)

Absent a dispute, the court generally does not enter the discovery process, which is detailed in the Federal Rules of Civil Procedure.  See generally Fed. R. Civ. P. 26 through 37; see also Fed. R. Civ. P. 45.  The plaintiff is advised that he does not need specific authorization from the court to obtain discovery from the defendants.  Rather, he should direct his discovery requests to the counsel of record for the defendants.  If Plaintiff is dissatisfied with the responses he receives from the Defendants, he may then file a motion to compel.  See Local Civil Rule 37.01 DSC.  Accordingly, to the extent that plaintiff seeks discovery, his motion is denied.  (ECF No. 23.)

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 24, 2012
Columbia, South Carolina