IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Daniel Mark Mixson, | ) | C/A No. 2:11-1369-DCN-PJG |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Ofc. Metrejean, *North Charleston Police*; North Charleston Police Department, | ) | |
| Defendants. | ) | |

The plaintiff, Daniel Mark Mixson ("Mixson"), a self-represented pretrial detainee, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (ECF No. 27.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Mixson of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 28.) Mixson filed a response in opposition (ECF No. 35) and the defendants filed a reply (ECF No. 38).[1] Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motion should be granted.

**BACKGROUND**

Mixson alleges that on February 23, 2011, Defendant Metrejean falsely arrested and charged Mixson with property crime enhancement in violation of S.C. Code Ann. § 16-1-57. Mixson further

---

[1] Mixson has also filed a sur-reply. (ECF No. 40.) The Local Rules make no provision for sur-replies. Further, under Local Civil Rule 7.07 DSC, "[r]eplies to responses are discouraged." Moreover, this filing consists of a series of legal questions that appear to relate to arguments raised by the defendants.

alleges that the police incident report, arrest warrant, and affidavit completed by Metrejean were falsified, which Mixson alleges can be demonstrated by video surveillance, loss prevention, and witnesses. As a result of the alleged false arrest, Mixson states that he was placed in detention in a cell for twenty hours per day for forty-two days. On April 5, 2011, the charge was dismissed following Metrejean's failure to appear at the second preliminary hearing.

The following additional facts, which are either undisputed or are taken in the light most favorable to Mixson, shed additional light in resolving this motion. On February 23, 2011, Metrejean was dispatched to the North Charleston Wal-Mart in reference to two individuals being detained for shoplifting. Metrejean spoke with several Wal-Mart employees who stated that they witnessed a white female put merchandise in a black purse and exit the store without paying for the merchandise. Upon following the white female, a Wal-Mart employee observed the white female and Mixson transfer the merchandise into a Wal-Mart shopping bag, re-enter the Wal-Mart, and attempt to return the merchandise for Wal-Mart gift cards. After detaining the individuals, they called the police.

The Wal-Mart employees stated that they wanted to press charges against both individuals. Mixson was arrested and charged with possession of stolen goods, which was increased to property crime enhancement based on Mixson's prior convictions for property offenses. Metrejean completed an incident report, as well as an affidavit and prosecutive summary to seek an arrest warrant.

## DISCUSSION

A.  **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law."

PJG

Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

B.  **False Arrest Claim**

To establish a § 1983 claim based on a Fourth Amendment violation for false arrest or imprisonment, a plaintiff must show that the seizure was effected without probable cause. See Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001); Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996). Thus, there is no § 1983 claim for false arrest unless the officer lacked probable cause. See Street v. Surdyka, 492 F.2d 368, 372-73 (4th Cir. 1974). An arrest made pursuant to a facially valid warrant will not support a claim for false arrest under the Fourth Amendment. See Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998). Therefore, to demonstrate that an officer seized an individual pursuant to an arrest warrant without probable cause, a plaintiff must show that the officer "deliberately or with a reckless disregard for the truth made material false statements in his affidavit or omitted from that affidavit material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading." Miller v. Prince George's Cnty., 475 F.3d 621, 627 (4th Cir. 2007) (internal citations and quotation marks omitted). To demonstrate a "reckless disregard," a plaintiff must show, in light of all of the evidence, that an officer had "serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." Id. With regard to alleged omissions from an affidavit, a plaintiff must establish that the officer failed to inform the magistrate of facts that the officer knew would negate a finding of probable cause. Id. However, allegations of negligence or honest mistake are insufficient. Id. at 627-28. Additionally, "the false statements or omissions must be material, that is, necessary to the neutral and disinterested magistrate's finding of probable cause." Id. at 628 (internal citations and quotation marks omitted). Notably, "[o]btaining an arrest warrant does not provide per se evidence" that the warrant was proper

PJG

or that the officer was objectively reasonable in believing it so. Torchinsky v. Siwinski, 942 F.2d 257, 262 (4th Cir. 1991).

To the extent that Mixson is challenging the validity of the arrest warrant by alleging that Metrejean provided a false affidavit, the court finds this argument entirely unsupported. Here, Metrejean relied upon statements by several witnesses that supported the averments in his affidavit. Based on these statements, Metrejean had grounds to reasonably believe that Mixson had committed the crime alleged, and although Mixson generally disputes these statements, he has presented no evidence that Metrejean intentionally lied or recklessly made material omissions to obtain the arrest warrant. (See Metrejean Aff. ¶¶ 17-19, ECF No. 27-2 at 2) (attesting that the information included in the incident report, the affidavit, and the prosecutive summary was based on the information provided by the employees whom he deemed credible); Beauchamp v. City of Noblesville, Indiana, 320 F.3d 733, 743 (7th Cir. 2003) ("The complaint of a single witness or putative victim alone generally is sufficient to establish probable cause to arrest unless the complaint would lead a reasonable officer to be suspicious, in which case the officer has a further duty to investigate."); United States v. Beckham, 325 F. Supp. 2d 678, 687 & n.16 (E.D. Va. 2004) (collecting cases). Further, Mixson's reliance on Metrejean's failure to appear at his second preliminary hearing, which resulted in the dismissal of the charge for failure to prosecute, does not refute the defendants' evidence that probable cause existed for the arrest.

To the extent that Mixson challenges whether there was probable cause to enhance his charge from possession of stolen goods to property crime enhancement, allegations of negligence are insufficient. See Miller, 475 F.3d at 627-28. Moreover, although Mixson appears to indicate that Metrejean improperly relied on Mixson's prior burglary convictions to support the enhancement, he

does not dispute Metrejean's affidavit or the defendants' assertion that Mixson has in fact been convicted of two or more offenses "for which the term of imprisonment is contingent upon the value of the property involved." S.C. Code Ann. § 16-1-57; see also ECF No. 27-4 at 2; Defs.' Reply Br. at 1, ECF No. 38 at 1.)  Further, § 16-1-57 does not appear to contain any time limitation on the consideration of any applicable prior convictions.

Accordingly, based on the record before the court and the totality of the circumstances, no reasonable jury could find that Mixson's arrest was made without probable cause or that Metrejean failed to properly investigate this incident.

**C.     Other Allegations**

To the extent that Plaintiff's Amended Complaint may be construed to allege any other causes of action, the court finds that Plaintiff has failed to plead sufficient facts to state a plausible claim.  See Ashcroft v. Iqbal, 556 U.S. 662 (2009).  Additionally, Mixson's response in opposition to summary judgment contains additional allegations that were not raised in his Complaint.[2]  Further, Mixson has not filed a timely motion to amend his Complaint to include any additional claims.  Accordingly, these claims are not properly before the court.  See, e.g., Bridgeport Music, Inc. v. WM Music Corp., 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment); White v. Roche Biomedical Labs., Inc., 807 F. Supp. 1212, 1216 (D.S.C. 1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment").

---

[2] For example, Mixson appears to argue that he is being denied access to the court and that excessive force was used during Mixson's arrest.



## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motion for summary judgment be granted. (ECF No. 27.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 10, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).